**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JEREMY G. MILLER**                                                                                    **PLAINTIFF**

**V.**                                                                                    **NO. 4:22-CV-18-DMB-JMV**

**PIONEER HI-BRED**
**INTERNATIONAL INC.**                                                                    **DEFENDANT**

**ORDER**

On February 2, 2022, Jeremy Miller filed a pro se complaint in the United States District

Court for the Northern District of Mississippi against Pioneer Hi-Bred International Inc., alleging

negligence claims based on Pioneer's alleged failure "to give needed personal protection

equipment (ppe) to protect from products that are known to be carcinogenic (Roundup)" and its

creation of a "[h]azardous work environment," as well as a claim for "[p]roduct liability negligence

knowing the [sic] the product being manufactured is harmful to humans and failing to keep workers

safe." Doc. #1. The complaint alleges that Miller is a citizen of Mississippi, Pioneer is

incorporated under the laws of Indiana with a principal place of business in Indiana, and the

amount in controversy is more than $75,000 because Miller "suffered emotional distress, pain and

suffering, infertility, disfigurement, shortened life expectancy, and long-term medical care." *Id.*

at 3–4.

On March 25, 2022, counsel for Pioneer entered a notice of special appearance "for the

purpose of filing Defendant's Motion to Dismiss and Defendant's Memorandum in Support of

Motion to Dismiss." Doc. #8. Ten days later, on April 4, 2022, Pioneer filed a motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(1) asserting that Miller "failed to exhaust his

exclusive and administrative remedies under the Indiana Worker's Occupational Diseases Act,

thereby depriving this Court of Subject Matter Jurisdiction." Doc. #9. Pioneer did not file a memorandum brief in support but "request[ed] that it be relieved of the obligation to file a separate Memorandum of Authorities" "[b]ecause of the rather straightforward nature of the legal issues addressed" in the motion to dismiss. *Id.* at 3.

Miller filed a "Response to Special Appearance" on April 8, 2022, which states:

Plaintiff desires to undertake jurisdiction related discovery to establish subject-matter jurisdiction and personal jurisdiction over Defendant Pioneer Hi-Bred International Inc.

This Court has jurisdiction over Defendant and this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Defendant is either incorporated and/or have their [sic] principal place of business outside of the state in which the Plaintiff resides.

The amount in controversy between Plaintiff and Defendant exceeds $75,000, exclusive of interest and cost.

Venue is proper within this district pursuant to 28 U.S.C. § 1391 in that Defendant conduct [sic] business here and are [sic] subject to personal jurisdiction in this district.

Doc. #11 at 1 (paragraph numbering omitted). "However, Plaintiff's Response [to Special Appearance] was designated on the docket as a Response to Defendant's Motion to Dismiss," prompting Pioneer to submit a "Rebuttal Memorandum in Support of Its Motion to Dismiss for Lack of Subject Matter Jurisdiction" on April 14, 2022. Doc. #13 at 1.

On April 19, 2022, Miller filed an "objection" to Pioneer's rebuttal memorandum. Doc. #14. In the objection, Miller states that "[t]hrough no fault of [his own]," his Response to Special Appearance was docketed as a response to the motion to dismiss. *Id.* at 2. The next day, Pioneer filed a motion asking the Court to disregard Miller's objection because "neither the Federal Rules of Civil Procedure nor the Local Uniform Civil Rules allow for a 'Response in Objection' to a Rebuttal Memorandum." Doc. #15 at 2. Two days later, on April 22, 2022, Miller filed a response

to the motion to dismiss.[1]  Doc. #16.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."  *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019).  Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in controversy more than $75,000.  28 U.S.C. § 1332; *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Pioneer does not deny that diversity jurisdiction exists here.  *See* Doc. #13 at 1–2 ("Pioneer does not dispute that the parties herein are diverse in citizenship, and acknowledges that the Plaintiff has alleged the amount in controversy exceeds $75,000.00 exclusive of interest and costs.").  Rather, Pioneer argues that because Miller "alleges injury and/or damages as a result of his work at the Pioneer Hi-Bred facility in Plymouth, Indiana," his "exclusive remedy for the claimed injuries and conditions set forth in his Complaint lie within the provisions of the Indiana Worker's Occupational Diseases Compensation Act."  *Id.* at 2.  However, this Court's jurisdiction in this case arises "from the federal diversity statute, 28 U.S.C. § 1332, and state law cannot enlarge or contract federal jurisdiction."[2]  *Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 909 n.3 (7th Cir. 2005); *see Caldera v. Ins. Co. of the State of Pa.*, 716 F.3d 861, 867 n.11 (5th Cir. 2013) ("[A]n exhaustion requirement is jurisdictional in nature only if Congress statutorily mandates that a claimant exhaust administrative remedies.").  Since it is undisputed that subject matter jurisdiction exists in this case, Pioneer's motion to dismiss for lack of subject matter jurisdiction

---

[1] Miller's response is untimely under the Court's Local Rules.  *See* L.U. Civ. R. 7(b)(4).  However, for the reasons explained in this order, the motion to dismiss will be denied without consideration of Miller's response.  For future reference, Miller should review the Court's Local Rules, which are available on the Court's website at https://www.msnd.uscourts.gov/forms/uniform-local-civil-rules.

[2] Such a motion should instead be brought under Federal Rule of Civil Procedure 12(b)(6), alleging failure to state a claim.  *See Jarrard*, 408 F.3d at 909 n.3.  However, the Court declines to construe the motion as one under Rule 12(b)(6) without a properly filed memorandum including legal argument and authority.

[9] is **DENIED**.  Because the Court has denied the motion to dismiss, Pioneer's motion to disregard

[15] is **DENIED as moot**.

      **SO ORDERED**, this 26th day of April, 2022.

                                **/s/Debra M. Brown**
                                **UNITED STATES DISTRICT JUDGE**