**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JEREMY G. MILLER**     **PLAINTIFF**

**VS.**     **CIVIL ACTION NO.: 4:22-cv-18-DMB-JMV**

**PIONEER HI-BRED INTERNATIONAL INC.**     **DEFENDANT**

## ORDER GRANTING MOTION TO AMEND COMPLAINT

This matter is before the court on the *pro se* Plaintiff's second Motion to Amend Complaint [31]. The motion is fully briefed, and the Court is prepared to rule. For the reasons set forth below, the Court, having considered the motion and the applicable law, finds that it is well taken and shall be granted.

### Standard for Rule 15 Motion to Amend a Pleading

The Motion to Amend falls under subsection (2) of Fed. R. Civ. P. 15(a) because Plaintiff did not amend his pleading within twenty-one days of Defendants' answer. FED. R. CIV. P. 15. A proposed amendment that is not timely filed under Rule 15(a)(1), but falls under Rule 15(a)(2) instead, has limitations. Rule 15(a)(2) notes leave should be freely given only "when justice so requires." *Id.*

Leave to amend also may be denied when amendment would be futile. *Id.* at 387; *see also Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment). An amendment is futile if the amended complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000);

1

*Dorsey v. Tadlock*, 2013 WL 5372800, at *1 (N.D. Miss. Sept. 24, 2013) ("'Futility' in this context… mean[s] that the amended complaint would fail to state a claim upon which relief could be granted."). As held in *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n,* 751 F.3d 368, 378 (5th Cir. 2014), "Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. Therefore, we review the proposed amended complaint under the same standard of legal sufficiency as applies under Rule 12(b)(6)." *See also Briggs v. Miss*., 331 F.3d 499, 508 (5th Cir. 2003) (denying motion to amend is not an abuse of discretion if allowing amendment would be futile, and amendment is futile if it would fail to survive Rule 12(b)(6) motion).

To survive a motion to dismiss, Plaintiff is required to plead "enough facts to state a claim to relief that it is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Put differently, "[f]actual allegations must be sufficient to raise a non-speculative right to relief." *Colony Ins. Co. v. Peachtree Constr. Ltd.*, 647 F.3d 248 (5th Cir. 2011). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

**Plaintiffs'** *Pro Se* **Status**

The court acknowledges its obligation to liberally construe the pleadings of a lay people, like the Plaintiff, when they are proceeding in a case without benefit of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972). Nonetheless, *pro se* litigants are not excused from providing a sufficient

factual basis for their claims. *See Cotton v. United States*, 2008 WL 410648, *4 (N.D. Miss. Feb. 12, 2008).

**Analysis**

The *pro se* Plaintiff seeks to amend his complaint to add a cause of action against Monsanto Company. In the proposed amended complaint, the Plaintiff alleges claims for negligence, products liability, and breach of implied warranty. *See* proposed amended complaint at [31-1]. He alleges that "The Defendants engaged in the business of designing, developing, manufacturing, testing, packaging, marketing, distributing, labeling and/or selling Roundup and products genetically modified with Roundup." *See* [31-1] at ¶14. Plaintiff alleges that he began working with Roundup in 2011 and was diagnosed with mixed germ cell testicular cancer with metastases in November 2012. *Id.* at ¶¶108-110. He further alleges that Defendants made statements and representations regarding the safety of Roundup to "induce Plaintiff to work with and around Roundup products." *Id.* at ¶89. Plaintiff claims he has suffered severe and permanent damage as a result of working with and around Roundup. *Id.* at ¶106.

Defendant Pioneer argues that Plaintiff's second motion to amend complaint should be denied on the grounds that it is futile and unduly prejudicial to Defendant. Pioneer, Plaintiff's alleged former employer, argues that the amendment is futile because Plaintiff's sole avenue for recovery against it would be through Indiana's Occupational Disease Act. *See* [39] at 5. This basis for Pioneer's argument that the amendment is futile resembles the arguments made in its motion to dismiss for lack of jurisdiction [9], which was denied by the District Judge's Order [19] entered on April 26, 2022. Defendant Pioneer also argues that allowing the amendment would be prejudicial to it because it is likely that proposed new defendant, Monsanto Company, would seek transfer to the Multidistrict Litigation currently pending in the Northern District of California for

3

Roundup herbicide cases. *Id.* at 5-6. Defendant Pioneer argues that such a transfer would subject Pioneer to unreasonable delay and expense. *Id.* at 6.

## Conclusion

Having accepted all well-pled facts as true, this Court finds that Plaintiff has pled enough facts to state a claim to relief that it is plausible on its face. The Court declines to find that the alleged potential prejudicial delay and expense that may result to Defendant Pioneer following a potential transfer of this case outweighs the Plaintiff's right to amend his complaint in this instance where he has met the plausibility standard.

Therefore, the Plaintiff's second Motion to Amend Complaint [31] is hereby **GRANTED**. Furthermore, the Motion for Joinder [18] shall be terminated as moot. The Clerk's Office is instructed to docket Plaintiff's proposed amended complaint, which presently appears on the docket at [31-1], as the Amended Complaint. The Clerk's Office shall issue process to Defendant Monsanto Company and the U.S. Marshal's shall serve the proposed amended complaint in accordance with 28 U.S.C. § 1915.

**SO ORDERED** this, the 23rd day of June, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

4