IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JEREMY G. MILLER                                                                                         PLAINTIFF

v.                                                                   NO: 4:22-CV-18-SA-JMV

MONSANTO COMPANY and PIONEER
HI-BRED INTERNATIONAL, INC.,                                       DEFENDANTS

ORDER

On February 2, 2022, Jeremy Miller commenced this action by filing his *pro se* Complaint [1] against Pioneer Hi-Bred International, Inc. ("Pioneer"). On June 23, 2022, Miller filed an Amended Complaint [41] naming Monsanto Company as an additional Defendant. Now before the Court is Pioneer's Motion to Dismiss [47], as well as Monsanto's Motion for Judgment on the Pleadings [71]. Having reviewed the parties' filings, as well as the relevant authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

Miller initiated this suit after being diagnosed with mixed germ cell testicular cancer in November 2012. He alleges his diagnosis was a direct result of his exposure to Roundup®, which is a herbicide containing the active ingredient glyphosate and is used to killed grass and weeds. Miller was previously employed by Pioneer and was allegedly exposed to Roundup while working at a Pioneer facility in Indiana. According to Miller, he worked with Roundup for 10-12 hours during the work week for approximately seven months starting June 27, 2011. He asserts that he was exposed to Roundup by "[i]nhalation, dermal, contact, and possible ingestion." [41] at p. 23. Miller alleges he followed all respective safety measures and protocols that were known while

working with the products; however, as a result of his exposure, he developed cancer and suffered personal injuries.

Some time prior to filing this lawsuit, Miller relocated to Mississippi. It is undisputed that Miller's injuries happened in Indiana during his employment at Pioneer.

Miller asserts the same claims against both of the Defendants. In particular, Miller asserts claims of negligence, strict liability, and breach of implied warranties. Both Defendants seek dismissal of Miller's claims but on different grounds. Pioneer contends that Miller's claim should be dismissed because workers compensation, as should be adjudicated by the Indiana Workers' Compensation Board, constitutes the exclusive remedy for his injuries. Conversely, Monsanto contends that this Court lacks personal jurisdiction over it.

*Analysis and Discussion*

As noted above, both Pioneer and Monsanto seek dismissal of the claims asserted against them. The Court will address their respective Motions [47, 71] in turn.

    I.       *Pioneer's Motion to Dismiss [47]*

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). A complaint survives a motion to dismiss only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A court must accept all facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand*, 565 F.3d at 232. The complaint does not need to contain detailed factual allegations, but it must include more than the "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. "If there are insufficient factual allegations to raise a right to relief above

2

the speculative level, the claim must be dismissed." *Tate v. Lafayette Cnty. Miss.*, 2012 WL 6454579, at *1 (N.D. Miss. Dec. 13, 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The basis for Pioneer's Motion [47] is that Miller's injuries should be heard and decided by the Indiana Workers' Compensation Board because his claims fall under the exclusive remedy provision of the Indiana Workers' Compensation Occupational Diseases Act ("ODA"). The ODA provides compensation for disablement or death by occupational disease arising out of and in the course of employment. *Buford v. Am. Tel. & Tel. Co.*, 881 F.2d 432, 433 (7th Cir. 1989). An occupational disease "arises out of employment only if it is apparent to the rational mind, upon consideration of all of the circumstances, a direct causal connection between the conditions under which the work is performed and the occupational disease, and which can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment, and which can be fairly traced to the employment as the proximate cause[.]" *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1276 (Ind. 1994). Encompassed within the ODA is an exclusive remedy provision, which provides:

> The rights and remedies granted under this chapter to an employee subject to the chapter on account of disablement or death by occupational disease arising out of and in the course of the employment shall *exclude all other rights and remedies* of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such disablement or death.

Ind. Code § 22-3-7-6 (emphasis added).

Pioneer alleges that because Miller's injuries happened in the course of employment, then the exclusive remedy provision controls.

On two separate occasions, the Seventh Circuit has held that the exclusive remedy provision precludes these types of claims. First, the Seventh Circuit affirmed the Southern District

of Indiana's grant of summary judgment in favor of the defendant "on the ground that the plaintiffs' common law remedies were preempted by the Indiana Occupational Diseases Act." *Buford*, 881 F.2d at 433. There, a plaintiff was exposed to benzene (which allegedly resulted in her being diagnosed with leukopenia) during her employment as a lab technician. *Id*. After her diagnosis, she filed a lawsuit in district court claiming that her employer failed to provide her with adequate safety equipment, and they concealed the dangers of the workplace. *Id.* The district court granted the defendants' motion for summary judgement on the grounds that the claims were abrogated by the exclusive remedy provision of the ODA. *Id.* As noted above, the Seventh Circuit affirmed based upon the exclusive remedy provision. *Id.* at 434.

The Seventh Circuit reached the same conclusion in a more recent case. *Fultz v. Abb Power T & D Co.*, No. 99-2433, WL 274165 (7th Cir. Mar. 8, 2000). There, a *pro se* plaintiff was employed at a plant in Indiana that manufactured and repaired large electrical transformers where at some point he began working with polychlorinated biphenyls ("PCBs"). *Id.* at 1. After experiencing health problems, a physician informed the plaintiff that his problems were probably a result of his exposure to chemicals. *Id.* Thereafter, the plaintiff filed a personal injury suit against his employers and plant owners alleging that the "defendants defrauded him and 'intentionally and systematically' poisoned him with PCBs thereby 'directly and proximately' causing him injury." *Id.* Again, the Seventh Circuit affirmed the district court's dismissal based upon the exclusive remedy provision of the ODA. *Id.* at 2.

Here, according to the Amended Complaint [41], Miller was diagnosed with cancer after being exposed to Roundup *while working at the Pioneer facility in Indiana*. Miller's injuries happened during the course of his employment. He does not allege anything to the contrary as to when or where his exposure to Roundup occurred. Thus, his claims fall within the exclusive

4

provision of the ODA.[1] Miller's claims against Pioneer fail as a matter of law and are therefore DISMISSED.

   II.   *Monsanto's Motion for Judgment on the Pleadings [71]*

As noted above, Monsanto seeks dismissal of the claims asserted against it on basis of lack of personal jurisdiction.

"A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Drummond v. Equifax Info. Servs., LLC*, 2021 WL 8055631, at *6 (W.D. Tex. July 14, 2021) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). A Rule 12(c) motion for judgment on the pleadings is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *Hale v. Metrex Research Corporation*, 963 F.3d 424, 427 (5th Cir. 2020) (citing *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)).

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985)). When no evidentiary hearing is held regarding a motion to dismiss, "the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction." *Trois v.*

---

[1] Although Indiana law governs this issue, the Fifth Circuit and Mississippi courts have reached the same conclusion with respects to the exclusive remedy provision under a state's workers' compensation statute. *See e.g.*, *Harris v. Wal-Mart Stores, Inc.*, 205 F.3d 847, 847 (5th Cir. 2000); *Huddleston v. Kimberly-Clark Corp.*, 2002 WL 1611508, at *4 (N.D. Miss. July 1, 2002).

5

*Apple Tree Auction Center, Inc.*, 882 F.3d 485,488 (5th Cir. 2018) (quoting *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003)). When considering whether a plaintiff has made a *prima facie* case for jurisdiction, the court must take the uncontroverted allegations in that plaintiff's complaint as true. *Cypress Pharmaceuticals, Inc. v. CRS Management, Inc.*, 827 F. Supp. 2d 710, 716 (S.D. Miss. 2011) (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citations omitted) (internal quotation marks omitted)). This does not limit the court to only consider the plaintiff's assertions in his or her complaint, but instead it allows the court to also consider documents in the record at the time the motion is filed. *Id*. (quoting *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (quoting *Quick Technologies, Inc. v. Sage Group, PLC*, 313 F.3d. 338, 343 (5th Cir. 2002)).

"A federal court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). The Mississippi long-arm statute provides as follows:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE § 13-3-57.

Here, Monsanto does not dispute that it is authorized to do business in the state of Mississippi (satisfying the long-arm statute); therefore, the only remaining issue is whether Monsanto's connection with Mississippi is sufficient to satisfy the due process requirements.

"The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Id.* Essentially, there are two different types of personal jurisdiction—general and specific. *Id.*

"A court may assert general jurisdiction over a foreign (sister-state or foreign-country) corporation to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially *at home* in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) (emphasis added). In determining whether a court can exercise general jurisdiction over a corporate defendant, the Supreme Court has held that contacts such as sending a chief executive officer to a state or even purchasing equipment does not render a nonresident at home in the forum state and those contacts "[w]ere insufficient to support the exercise of jurisdiction over a claim that neither 'ar[o]se out of ... no [r] related to' the defendant's activities in a [foreign state]" *Id.* at 919 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. at 416, 104 S.Ct. 1868).

Conversely, specific jurisdiction depends on the affiliation between the forum and the underlying controversy. *Goodyear*, 564 U.S. at. 919. The Supreme Court ultimately held that

7

accidents occurring outside the forum caused by a foreign manufactured product did not arise out of or relate to the controversy to establish specific jurisdiction. *Id.*

Here, Miller's injuries did not arise out of Monsanto's contacts with Mississippi, nor is Monsanto, a Delaware corporation with its principal place of business in Missouri, considered "at home" in Mississippi. As noted by Monsanto, its only link to the state of Mississippi is the fact that Miller relocated to Mississippi prior to filing his lawsuit. Other than being authorized to do business in the state of Mississippi, there is no other evidence, nor even any allegation, to support the contention that Monsanto has 'continuous and systematic' activity in Mississippi. And, importantly, the party seeking to invoke jurisdiction bears the burden to allege facts supporting the same. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989).

The Supreme Court has made clear that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 277, 134 S. Ct. 1115, 1118, 188 L. Ed. 2d 12 (2014). Here, Miller has done nothing to show that there is a link between Monsanto and this forum. Consequently, his claims against Monsanto are hereby DISMISSED for lack of personal jurisdiction.[2]

---

[2] Although Monsanto seeks dismissal based upon lack of personal jurisdiction, Miller's Response [75] does not address personal jurisdiction whatsoever. It does, however, address subject matter jurisdiction and venue, which are, of course, not the issues before this Court. After Monsanto filed its Reply [76], Miller filed another Response [77], without first seeking leave of Court. Additionally, his Response [77] only addresses subject matter jurisdiction, which is not the issue before this Court.

*Conclusion*

For reasons set forth above, Monsanto's Motion for Judgment on the Pleadings [71] is GRANTED. Pioneer's Motion to Dismiss [47] is also GRANTED. Miller's claims against Monsanto are dismissed *without prejudice*. His claims against Pioneer are dismissed *with prejudice*.[3] This CASE is CLOSED.

SO ORDERED, this the 25th day of October, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[3] Miller also filed a Motion to Amend Prayer for Relief [62], wherein he requested that he be permitted to allege a punitive damage claim against the Defendants. However, in light of this ruling, that Motion [62] is DENIED AS MOOT.